**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SAM FISHER, #N-53175,[1]          )
                                  )
              Plaintiff,          )
                                  )
vs.                               )          Case No. 15-cv-00007-JPG
                                  )
ANTHONY McCALLISTOR,              )
                                  )
              Defendant.          )

## <u>MEMORANDUM & ORDER</u>

**GILBERT, District Judge:**

       Plaintiff Sam Fisher, who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy"), brings this action pursuant to 42 U.S.C. § 1983.  In the complaint (Doc. 1), Plaintiff claims that he was subjected to a strip search, including a body cavity search, in the presence of female guards on May 13, 2014 (Doc. 1, p. 6).  Plaintiff now sues Defendant Anthony McCallistor, who supervised the search by the orange crush tactical team, for violating Plaintiff's rights under the Fourth and Eighth Amendments and for the intentional infliction of emotional distress under Illinois law.  Plaintiff also names an unknown defendant ("Defendant Unknown Officer")[2] in connection with these claims (Doc. 1, p. 2).  He seeks monetary relief (Doc. 1, p. 7).

---

[1] In the complaint, Plaintiff lists his prisoner identification number as "M-53173" (Doc. 1, p. 1).  However, no inmate by the name of "Sam Fisher" with this prisoner identification number can be found on the Illinois Department of Corrections' ("IDOC") inmate locator website. S*ee* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx.  The Court did locate an inmate at Big Muddy River Correctional Center, who is named "Sam Fisher" and also has a prisoner identification number of "N-53175."  Given the similarity between the numbers listed in the complaint and on the IDOC's website, it appears that Plaintiff simply wrote the wrong prisoner identification number on his complaint.  For that reason, the Court has listed "N-53175" in CM/ECF and in this Order.  *See also Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).
[2] For this reason, the Clerk shall be directed to add the Unknown Officer as a party Defendant on the court's docket sheet.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint survives preliminary review under this standard.

## The Complaint

According to the complaint, the Illinois Department of Corrections' ("IDOC") "orange crush" tactical team subjected Plaintiff to an unconstitutional group strip search at Big Muddy on May 13, 2014 (Doc. 1, p. 6). The complaint specifically states that "[i]n the presence of female officers, all inmates were given direct orders to bend at the waist, spread [their] buttocks apart exposing [their] rectums and pull the skin back on [their] penis[es] to expose the head" (Doc. 1, p. 6). Male and female prison guards, who did not wear nametags, observed Plaintiff's strip search. When Plaintiff told the officers that this method of searching inmates was "egregious" and wrong, the nearest officer ("Defendant Unknown Officer") said, "Shut the f*ck up n*gger or I'll kick your eyes out of your head" (Doc. 1, p. 6). Plaintiff was then shoved face first against a wall "like a slave" (Doc. 1, p. 6).

Plaintiff filed grievances to complain about the incident, but no wrongdoing was found. He now sues Defendant McCallistor, who supervised the search and was present during the search, for violating his rights under the Fourth and Eighth Amendments and for intentionally inflicting emotional distress under Illinois law. He also names at least one "unknown" defendant[3] in connection with these claims. Plaintiff seeks monetary damages (Doc. 1, p. 7).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court

---

[3] It is unclear whether Plaintiff intended to name one, or more, unknown officers as defendants. The list of parties in the complaint refers to a single "unknown" defendant, but the statement of claim refers to several unknown officers who were present during the search. Because the complaint includes specific allegations addressing the conduct of a single unknown officer (i.e., the officer who responded to Plaintiff's protests with threats, racial epithets, and force), the Court will only address those allegations herein. That officer is referred to as "Defendant Unknown Officer."

finds it appropriate to organize the claims in Plaintiff's *pro se* complaint into four separate

counts, as set forth below.

> **Count 1:**   **Defendants McCallistor and Unknown Officer violated Plaintiff's Eighth Amendment rights by strip searching him in the presence of female prison guards;**
>
> **Count 2:**   **Defendants McCallistor and Unknown Officer violated Plaintiff's Fourth Amendment rights by strip searching him in the presence of female prison guards;**
>
> **Count 3:**   **Defendants McCallistor and Unknown Officer violated Plaintiff's First Amendment rights by retaliating against Plaintiff for protesting the method of strip searching male inmates in the presence of female guards; and**
>
> **Count 4:**   **Defendants McCallistor and Unknown Officer intentionally caused Plaintiff to suffer emotional distress, in violation of Illinois law, by strip searching him in the presence of female guards.**

The parties and the Court will use these designations in all future pleadings and orders, unless

otherwise directed by a judicial officer of this Court.  The designation of these claims does not

constitute an opinion as to their merit.

## Count 1 – Eighth Amendment Claim

The complaint states a viable Eighth Amendment claim (**Count 1**) against

Defendants McCallistor and Unknown Officer.   Relevant to Plaintiff's claim, the

Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states

through the Fourteenth Amendment.  This prohibition against cruel and unusual punishment bars

prison officials from "unnecessarily and wantonly inflicting pain on inmates."  *Rivera v. Drake*,

497 Fed. Appx. 635, *2 (7th Cir. 2012) (citing *Hope v. Pelzer*, 536 U.S. 730, 737 (2002);

*Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004)).

A strip search violates the Eighth Amendment when it is "conducted in a harassing manner [that is] intended to humiliate and cause psychological pain." *Mays v. Trancoso*, 412 Fed. Appx. 899, *3 (7th Cir. 2011) (citing *Mays v. Springborn*, 575 F.3d 643, 649 (7th Cir. 2009); *see Whitman*, 368 F.3d at 934; *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003)).   More specifically, where prisoners are involved, a search violates the Eighth Amendment when it is ". . . maliciously motivated, unrelated to institutional security, and lack[s] a legitimate penological justification." *Rivera v. Drake*, 497 Fed. Appx. at *2 (citing *Calhoun*, 319 F.3d at 939).   The Seventh Circuit has observed that "sexual ridicule and female spectators during a strip search can reasonably lead to the conclusion that the search was intended to humiliate." *Mays*, 412 Fed. Appx. 899, *3 (citing *Calhoun*, 319 F.3d at 940).

The complaint states an Eighth Amendment claim against Defendant McCallistor. This defendant supervised the strip search of Plaintiff in the presence of female guards on May 13, 2014 (Doc. 1, p. 6).   Normally, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).   As a result, the doctrine of *respondeat superior* does not apply to actions filed under Section 1983.   *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Even so, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001).   *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002).   The allegations against Defendant McCallistor suggest that he not only approved of the conduct, but directed it and that the search

may have been performed in a manner that was intended to harass or humiliate the inmates involved.  Accordingly, Plaintiff shall be allowed to proceed with Count 1 against this defendant.

In addition, Defendant Unknown Officer was present during the Plaintiff's strip search and responded to Plaintiff's protests with name calling, threats, and physical force.[4] Plaintiff alleges that the incident caused psychological distress.  At this early stage, the complaint includes sufficient allegations to support an Eighth Amendment claim against Defendant Unknown Officer as well.  The claim shall proceed against this defendant, once he is identified by name.

## Count 2 – Fourth Amendment Claim

No claim has been stated under the Fourth Amendment (**Count 2**) against Defendants for unlawfully strip searching Plaintiff in the presence of female guards.  Plaintiff is an inmate.  Therefore, his claim arises under the Eighth Amendment, not the Fourth Amendment.  *See May v. Trancoso, et al.*, 412 Fed. Appx. 899, *3 (7th Cir. 2011) (citing *Peckham v. Wis. Dep't of Corr.*, 141 F.3d 694, 697 (7th Cir. 1998); *Johnson v. Phelan*, 69 F.3d 144, 147 (7th Cir. 1995)).  Accordingly, **Count 2** shall be dismissed with prejudice.

## Count 3 – First Amendment Claim

The complaint articulates a viable retaliation claim (**Count 3**) against Defendant Unknown Officer.  Prisoners have a First Amendment right to free speech, *see Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125 (1977); *Martin v. Brewer,* 830 F.2d 76, 77 (7th Cir. 1987), and restrictions on that right will be upheld only if they are

---

[4] The Court of Appeals for the Seventh Circuit has stated flatly that "the use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.  Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a person of a protected liberty interest or deny a prisoner equal protection of the laws."  *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2002).  Here, however, Defendant Unknown Officer's statements were coupled with the use of force against Plaintiff, as he protested the allegedly unconstitutional strip search.

"reasonably related to legitimate penological interests," *see Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989) (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)); *Massey v. Wheeler,* 221 F.3d 1030, 1035 (7th Cir. 2000)).  Further, prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution.  *See Zimmerman v. Tribble,* 226 F.3d 568, 573 (7th Cir. 2000); *DeWalt v. Carter,* 224 F.3d 607, 618 (7th Cir. 2000) ("a prison official may not retaliate against a prisoner because that prisoner filed a grievance").

"A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'"  *Zimmerman,* 226 F.3d at 573 (citation omitted). In this case, Plaintiff alleges that he was subjected to threats and physical force by Defendant Unknown Officer, in response to Plaintiff's objections to the alleged unconstitutional search.  Such a chronology arguably presents a colorable claim of retaliation; therefore, the Court is unable to dismiss this retaliation claim against Defendant Unknown Officer at this point in the litigation.  28 U.S.C. § 1915A; *see Zimmerman,* 226 F.3d at 574 (reversing district court's Section 1915A dismissal because inmate's allegations established that "the exercise of his [First Amendment] right was closely followed by the retaliatory act").  No such allegations are asserted against Defendant McCallistor, however, and the chronology of events does not suggest that Defendant McCallistor engaged in any retaliatory conduct.

Therefore, Count 3 survives preliminary review under Section 1915A against Defendant Unknown Officer, but not Defendant McCallistor.  Accordingly, **Count 3** shall be dismissed without prejudice against Defendant McCallistor, and Plaintiff shall proceed with this claim against Defendant Unknown Officer, once this party is identified in the complaint with specificity.

**Count 4 – Illinois Tort Claim**

Plaintiff also asserts a claim against Defendants McCallistor and Unknown Officer for intentional infliction of emotional distress (**Count 4**) under Illinois tort law.  Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  With this in mind, the Court will consider Plaintiff's state law claim.

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress.  *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress.  *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).  To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community."  *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App. 1993). Whether conduct is extreme and outrageous is judged on an objective standard, based on the

facts of the particular case.  *Honaker*, 256 F.3d at 490.

At this early stage, Plaintiff shall be allowed to proceed with this claim, based on the allegations in the complaint that the conduct of defendants was intended and did cause him to suffer severe emotional distress.  Given these allegations, the Court cannot dismiss Count 4 against either defendant.  Accordingly, this claim survives threshold review.

### Identification of Unknown Officer

Plaintiff shall be allowed to proceed with Counts 1, 3, and 4 against Defendant Unknown Officer.  However, this party must be identified with particularity before service of the complaint can be made on him or her.  Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim against the unknown defendants, the prisoner should have the opportunity to engage in limited discovery in order to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).  In this case, guidelines for discovery aimed at identifying Defendant Unknown Officer will be set by the United States Magistrate Judge, so that Plaintiff can identify the Unknown Officer with particularity.  The Court cannot discern, at this early stage, whether Defendant McCallistor can assist in identifying this individual.  Therefore, for the sole purpose of assisting with the identification process, the Court shall direct the Clerk to add Big Muddy's Warden as a defendant, in his or her official capacity only.

Once identified, Plaintiff shall file a motion to substitute the named defendant with "Defendant Unknown Officer" in the case caption and elsewhere in the complaint.  Further, Big Muddy's Warden should file a motion seeking dismissal from this action.

**<u>Disposition</u>**

The Clerk is hereby **DIRECTED** to **ADD** Big Muddy River Correctional Center's Warden as a defendant, in his or her official capacity only, for the sole purpose of responding to discovery aimed at identifying Defendant Unknown Officer.

The Clerk is also **DIRECTED** to **ADD** Defendant **UNKNOWN OFFICER** to the docket sheet.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 1, 3,** and **4**, the Clerk of Court shall prepare for Defendants **McCALLISTOR** and **BIG MUDDY RIVER CORRECTIONAL CENTER'S WARDEN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant Unknown Officer until such time as Plaintiff has identified this defendant in the complaint by filing a motion to substitute Defendant Unknown Officer with the name of this individual in the caption and, where applicable, throughout the complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including discovery aimed at identifying Defendant Unknown Officer.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 6, 2015**

<u>*s/J. Phil Gilbert*</u>
**U.S. District Judge**